[The term of JOSEPH PORTER, who, under the arrangement of the terms of the six appointed judges of this court made pursuant to the constitution, took his seat for one year, expired February 5th, 1846, and he was re-appointed for six years from that day.]

## MEHETABEL ANTHONY, APPELLANT, v. ELIZABETH ANTHONY, RESPONDENT.

No appeal lies from the decree of the Ordinary or surrogate-general in the matter of the assignment of dower.

This was an appeal from the final sentence or decree of the Ordinary or surrogate-general, approving and confirming the report of commissioners assigning dower to Elizabeth Anthony, widow, &c.

*P. D. Vroom,* in pursuance of a rule heretofore taken to show cause, &c., now moved that the appeal be dismissed for want of jurisdiction in this court.

Mr. Vroom referred to the 9th section of the old constitution, and said that it had always been held that no appeal lay to the governor and council from the Court of Chancery, or from the Prerogative Court, until by an act of the legislature an appeal

was given from the Court of Chancery, but that to this day no appeal from the Ordinary had ever been brought. He cited 4 *Griff. Law Reg.* 1178, 1179, 1185.

He adverted to the supplement passed February 24th, 1820, to the "act relative to dower," the 7th section of which supplement gives an appeal to this court from any sentence or decree of the surrogate-general made under the authority of the said supplement, and insisted that the said 7th section was unconstitutional.

He adverted to article 6th, section 1st, of the new constitution. The judicial power shall be vested in " a Court of Errors and Appeals in the last resort in all causes as heretofore," and admitted that this increases the difficulty and importance of the question.

The appeal was dismissed by the whole court, except the president, who, being Chancellor and surrogate-general, declined voting. See note.

NOTE.—Is there any reason why the legislature cannot give to the Ordinary or surrogate-general jurisdiction over a new subject matter, and give an appeal from his decrees in reference thereto?

CITED *in Harris* v. *Vanderveer*, 6 *C. E. Gr.* 438, 443, 444, 454.